## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,  )
          )
     **Plaintiff,**  )
     v.     )  **Case No.  16-CR-109-JED**
          )
DONNA HERNANDEZ,   )
GERARDO HERNANDEZ,  )
ERIC HERNANDEZ,    )
LUIS HERNANDEZ,    )
LUIS CORONADO,    )
JESUS CORONADO,    )
TERRY ROLAND,     )
JASMINE SIERRA,    )
          )
     **Defendants.**  )

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Continue All Dates (Doc. 128). Defendant requests a new scheduling order including continuance of the jury trial now set for March 20, 2017.   The United States does not object to this motion but defendant Jesus Coronado does object.  Defendant Donna Hernandez has taken no position in the motion.

On September 7, 2016, a sealed eighteen-page indictment was returned alleging a drug conspiracy, four counts of distribution of methamphetamine, one count of possession of methamphetamine with intent to distribute, one count of conspiracy to possess firearms in furtherance of drug trafficking, and two counts of possession of firearms in furtherance of drug trafficking.  Several of the counts require minimum mandatory sentences and two

requires that such sentences be consecutive to any other sentence.    Forfeiture allegations were also included in the Indictment.   All but one of the defendants have been arraigned and most have been detained pending trial.

On October 13, 2016, an unopposed motion to declare this matter complex (Doc. 92) was granted and a scheduling order was issued, setting February 6, 2017, for the filing of pretrial motions and March 20, 2017, for trial.  (Doc. 118).

This Court determined in its July 15, 2016, order that the case was complex due to the number of defendants,  the substantial amount of discovery to be disclosed, the nature of the discovery including voluminous discovery involving Title III wiretaps many of which are in Spanish, and the issuance of a protective order to be issued.

Since that time, delays have occurred in the disclosure of discovery to the defendants due to the number of interceptions and the time needed to transcript the calls and text messages. A second discovery production was made available on January 23, 2017, and contained the wav (audio) files and transcripts of the conversations and text messages intercepted.  In the case of defendant Gerardo Hernandez whose phone was the target of the Title III order, every session of the 2,836 sessions directly involves him.   The other defendants are involved in the interceptions to varying degrees.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act.  This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and

the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-1049 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defendants asks the Court to continue all deadlines in the present scheduling order for 90 days to allow discovery review to be completed, for defendants and counsel to review

the discovery, for counsel to conduct investigation and confer with their clients, to prepare pretrial motions, and to prepare for trial.   The case is currently set for trial on March 20, 2017, which is not adequate time for defendants to prepare for trial.

The Court finds that Defendant's request for a 90 day extension of all deadlines is reasonable and the request for an ends of justice continuance should be granted.  In addition to the interests of the Defendants, the Court has considered the public's interest in the speedy resolution of criminal case and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Continue All Scheduling Dates (Doc. 128) is granted and that the scheduling order entered on October 13, 2016 (Doc. 118) is **stricken**.

**IT IS FURTHER ORDERED** that the following scheduling order be entered:

| | |
|---|---|
| Motions due: | 5/8/2017 |
| Response due: | 5/22/2017 |
| **PT/CP/Motions Hearing:** | **6/6/2017 at 1:30 p.m.** |
| Voir dire, jury instructions, and trial briefs due; | 6/12/2017 |
| **Jury Trial:** | **6/19/2017 at 9:30 a.m.** |

**IT IS FURTHER ORDERED that time between   March 20, 2017, and June 19, 2017 is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).**

DATED this 8th day of February, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

4